# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Tequan Brown, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 0:21-cv-2712-TMC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Charles Burton; Thomas ) | |
| Robertson; Shaereta Allen; Major ) | |
| S. Terry; Dion Tameka Gaines; ) | |
| and S.C. Dept. of Corrections, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

Plaintiff Tequan Brown ("Plaintiff"), a state prisoner proceeding *pro se*, brought this action under 42 U.S.C. § 1983, alleging the Defendants violated his constitutional rights under the Eighth and Fourteenth Amendments. (ECF Nos. 1 at 1, 17-1). Plaintiff also asserts claims under the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 to 15-78-220. *Id*. at 1. The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.). Before the court now is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 58), recommending that the court deny Plaintiff's motions for a preliminary injunction, (ECF No. 24), and

for entry of a default judgment, (ECF No. 46). Plaintiff submitted objections to the Report, (ECF No. 66), and the matter is ripe for review.

In support of his motion for a preliminary injunction, Plaintiff presented evidence showing that in August 2016, nearly six years ago, Defendant South Carolina Department of Corrections ("SCDC") placed him in state-wide protective custody ("SWPC") after he cooperated in a federal investigation and was identified in the media as an informant. (ECF No. 24-2 at 4). Plaintiff was informed that after the investigation was completed, "the issue of protective custody would be revisited." *Id*. at 5. In July 2021, the SWPC board reviewed Plaintiff's placement and determined that he should be removed from protective custody "due to continued disruptions and false allegations in the protective custody unit." (ECF No. 42-2 at 1). Plaintiff seeks injunctive relief, claiming he faces an imminent threat of severe harm or even death by inmates in general population who harbor ill will against him for his cooperation. (ECF No. 24-1). According to Plaintiff, Defendants knew of this risk but released him from protective custody anyway. (ECF No. 24 at 2). In particular, Plaintiff contends that his release from SWPC was in retaliation for his filing complaints against Defendants Gaines, Terry, and Robertson. *Id*. Plaintiff asks the court to order that he be placed back in SWPC or move Defendant Gaines to a different facility than the one in which Plaintiff is housed. *Id*. at 1.

Defendants, however, submitted evidence reflecting that Plaintiff was placed in the Special Concerns Offender Reintegration ("SCOR") program at Evans Correctional facility where he is segregated from the general inmate population. *Id*. Following completion of this program, Plaintiff would "be transferred to an institution of his choice (if approved), placed in general population, or placed in the Adjustment Unit at Evans." *Id*. at 2.

Applying the standard set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), the magistrate judge concluded, in pertinent part, as follows:

> [Plaintiff] has not met his burden of showing that he is likely to succeed on the merits of his claims. As defendants point out, [Plaintiff] is currently housed in the Special Concerns Offender Reintegration Program at Evans Correctional Institution, which is designated for inmates with safety concerns. Therefore, [Plaintiff] is not housed in the general prison population where he claims . . . his life is in danger. Also, [Plaintiff] is not housed in the same prison as Defendant Gaines; therefore, [Plaintiff's] request to have Gaines moved to a different unit or prison than [Plaintiff] is moot.

(ECF No. 58 at 3). Accordingly, the magistrate judge recommended that the court deny Plaintiff's motion for a preliminary injunction. *Id*. The magistrate also recommended that Plaintiff's motion for a default judgment be denied "because the defendants have filed an answer and otherwise defended this action." *Id*. at 3 n.3.

During the time that the magistrate judge was considering Plaintiff's motion for a preliminary injunction, Plaintiff completed the SCOR program, (ECF No. 77-3 at 1), and was transferred to Ridgeland Correctional Institution. (ECF Nos. 66 at 1; 77 at 1). Plaintiff filed objections to the Report, indicating that he had been placed in Ridgeland's general population. (ECF No. 66 at 1). Plaintiff notes that he was sent to Ridgeland despite requesting that he be placed in Turbeville or MacDougall. *Id*. Plaintiff, however, did not specifically identify any error that would undermine the magistrate judge's conclusion that Plaintiff has failed to demonstrate he is likely to succeed on the merits of his underlying claims.

In response, Defendants presented evidence that, at the time Plaintiff completed the SCOR program, he requested to be transferred to Ridgeland, MacDougall, or Allendale. (ECF No. 77-3). According to the affidavit of Stacey Richardson, SCDC's Director of Classification and Inmate Records, only after SCDC had processed for his transfer to Ridgeland did Plaintiff request that he be placed in Turbeville or MacDougall. (ECF No. 77-1 at 1). Since the transfer process had already begun, SCDC did not honor Plaintiff's change to his request for a specific correctional facility. *Id*. Additionally, according to Richardson's affidavit, Plaintiff has not expressed any security concerns or internally requested placement in protective custody while he has been at Ridgeland. *Id*. at 2.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ.

A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This does not mean, however, that the court can ignore the Plaintiff's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The court concludes that the Report (ECF No. 58) correctly states and applies the governing legal principles, and the court agrees with the magistrate judge's recommended disposition. Having carefully considered Plaintiff's objections to the Report, (ECF No. 66), the court finds no reason to deviate from the magistrate judge's recommended disposition of Plaintiff's motion for a preliminary injunction,

(ECF No. 24). The court further concludes that Plaintiff's subsequent completion of the SCOR program and transfer to Ridgeland does not require a different result. The court also agrees with the magistrate judge that Plaintiff's motion for a default judgment (ECF No. 46) is without merit and should be denied.

Accordingly, the court **DENIES** Plaintiff's motion for a preliminary injunction (ECF No. 24) and **DENIES** Plaintiff's motion for entry of judgment by default (ECF No. 46).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 8, 2022

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.