# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | | |
|---|---|---|
| Tequan Brown, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0:21-cv-2712-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Thomas Robertson; Major S. Terry; Dion Tameka Gaines; and S.C. Dept. of Corrections, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Tequan Brown ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brought this action under 42 U.S.C. § 1983, alleging the Defendants violated his constitutional rights under the Eighth and Fourteenth Amendments. (ECF Nos. 1 at 1; 2; 17). Plaintiff also asserts claims under the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 to 15-78-220. *Id*. at 1. The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.). Now before the court is the magistrate judge's Report and Recommendation ("Report") recommending the court dismiss the action for lack of prosecution. (ECF No. 106).

On June 29, 2022, Defendants filed a motion for summary judgment (ECF No. 83) which is currently pending before the court. The court issued an order

pursuant to *Roseboro v. Garrison*, 528 F.2d. 309 (4th Cir. 1975), setting forth the summary judgment standard and warning Plaintiff of the potential implications if he failed to adequately respond. (ECF No. 84). The *Roseboro* order was mailed to Plaintiff at the address he provided the court, (ECF No. 85), and was not returned to the court as undeliverable. Accordingly, Plaintiff is presumed to have received the *Roseboro* order.

On July 20, 2022, the court received Plaintiff's motion for an extension of time to respond to the summary judgment motion. (ECF No. 86). The court granted Plaintiff's motion and afforded him an additional thirty (30) days to respond to Defendant's motion for summary judgment. (ECF No. 88). Additionally, Plaintiff was warned, once again, about the consequences of his failure to respond. *Id*. The order granting an extension was mailed to Plaintiff at the address he provided the court, (ECF No. 90), and Plaintiff presumably received it as it was not returned to the court as undeliverable. On September 1, 2022, the court received Plaintiff's second motion for an extension of time to file a response opposing summary judgment. (ECF No. 97). Over Defendants' opposition (ECF No. 99), the court again entered an order granting Plaintiff another 30 days—until October 1, 2022—to respond to Defendants' dispositive motion. (ECF No. 100). Once again, Plaintiff was warned about the consequences of his failure to respond. *Id*. The court also stated that no further extensions would be granted in the absence of extraordinary

circumstances. *Id*. The order granting the second extension was mailed to Plaintiff at the address he provided the court, (ECF No. 103), and Plaintiff presumably received it as it was not returned to the court as undeliverable.

On October 7, 2022, the magistrate judge entered her Report, noting that Plaintiff had received two extensions of time but failed to respond despite being "specifically warned that if he failed to respond, this action would be recommended for dismissal for failure to prosecute." (ECF No. 106 at 1). The magistrate judge concluded that "the plaintiff meets all of the criteria for dismissal under *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982)." *Id*. Therefore, the magistrate judge recommended that this action be dismissed with prejudice for lack of prosecution and that any pending motions be terminated. *Id*. at 2.

On October 11, 2022, ten days after the extended deadline, the court received Plaintiff's response to the motion for summary judgment. (ECF No. 108). Plaintiff's response was dated September 28, 2022, *id*. at 10, but the envelope was date-stamped as having been received by the prison mailroom on October 5, 2022, (ECF No. 108-2). On October 24, 2022, the court received Plaintiff's objections to the Report. (ECF No. 110). In his objections, Plaintiff claims that he dated his response September 26 or September 27 "and placed it into the institutional mailbox." *Id*. at 1. Plaintiff argues, therefore, that his response was timely under the "prison mailbox rule." *Id*.; *see Houston v. Lack*, 487 U.S. 266 (1988) (holding that a *pro se* prisoner's

3

date of filing is the date he delivers it to prison officials). Defendants filed a reply to Plaintiff's objections, asserting that Plaintiff's objection is "completely silent on the critical issue as to when he placed his [response to] Summary Judgment into the institutional mailbox" and noting "[t]he envelope containing Plaintiff's Response to Defendants' Motion for Summary Judgment was stamped by the institution on October 5, 2022." (ECF No. 112 at 1 (citing ECF No. 108-2)). With their reply, Defendants submitted an affidavit from Virginia Robinson, Postal Director of the Ridgeland Correctional Institution mailroom, which stated that mail from the institutional mailboxes is "collected by mailroom staff at least once each business day" and that mailroom staff then "stamp[] the envelope for each item showing the date the mail was received." (ECF No. 112-1). According to Ms. Robinson, "[a]t best, the Plaintiff may have placed [his response] in the institutional mailbox on October 4, after that particular mailbox had been checked for the day." *Id*. Ms. Robinson also stated that the prison had no staff shortages during this time period. *Id*. In light of this evidence, Defendants argue the "prison mailbox rule" does not permit Plaintiff to demonstrate his response was timely. (ECF No. 112 at 2).[1]

---

[1] Plaintiff filed a sur-reply essentially disputing Ms. Robinson's affidavit and stating that there are always delays at Ridgeland Correctional for mail intake. (ECF No. 116). Neither the Federal Rules of Civil Procedure nor the Local Rules provide for the ability to file a sur-reply as a matter of right. On November 5, 2020, the undersigned issued a standing order directing that a party "may not file, nor will the court consider, any sur-reply to a motion absent a showing of good cause and leave of the court." *In re: Sur-Replies*, Standing Order (D.S.C. Nov. 5, 2020). Plaintiff has not sought leave of court to file a sur-reply and the court finds no good cause to grant such leave. However, even if the court were to consider the sur-reply, which is nothing more than an

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). Also, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151

---

unsworn claim that mailroom staff do not always collect mail promptly, it would not change the court's disposition in this case.

(4th Cir. 1978). This does not mean, however, that the court can ignore the Plaintiff's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The court agrees with Defendants' argument that the prison mailbox rule does not establish that Plaintiff filed his response within the extended deadline imposed by the magistrate judge. Accordingly, the court overrules Plaintiff's objections. (ECF No. 110). Furthermore, having carefully reviewed all of the materials before it, the court concludes that the Report (ECF No. 106) correctly states and applies the governing legal principles, and the court agrees with the magistrate judge's recommended disposition.

Accordingly, the court **DISMISSES** this action with prejudice. All pending motions, therefore, are hereby **DENIED AS MOOT**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
December 19, 2022

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.